## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.

ARCH     SPECIALTY     INSURANCE
COMPANY,
a Foreign Corporation,

        Petitioner,

v.

WINDWARD EAST CONDOMINIUM
ASSOCIATION,     INC.,     a     Florida
corporation; and MICHAEL WALCH, an
Individual,

        Respondents.

_____/

## PETITION FOR DECLARATORY RELIEF

Petitioner, ARCH SPECIALTY INSURANCE COMPANY ("Arch"), by and through its

undersigned counsel, hereby files this Petition for Declaratory Relief against the Respondents,

WINDWARD EAST CONDOMINIUM ASSOCIATION, INC. ("Windward"), and MICHAEL

WALCH ("Walch"), and alleges the following:

### NATURE OF ACTION

1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

### JURISDICTION, VENUE AND PARTIES

2.      The United States District Court for the Middle District of Florida has jurisdiction

of this action pursuant to 28 U.S.C. § 1332 because there is a diversity of citizenship between the

Petitioner and all of the Respondents, and the amount in controversy exceeds $75,000 exclusive

of interest and costs (Walch's Proposal for Settlement attached hereto as **Exhibit "A"**).

26332098.v1

3.      Venue is proper in the United States District Court for the Middle District of Florida because this district is where the events giving rise to the "underlying action" (as defined below) accrued and is currently pending.

4.      Petitioner, Arch, is a Missouri corporation with its principal place of business located in Kansas City, Missouri. Accordingly, Arch is deemed a citizen of Missouri.

5.      Respondent, Windward, is a Florida corporation with its principal place of business located in Cocoa Beach, Florida. Accordingly, Windward is deemed a citizen of Florida.

6.      Respondent, Walch, is an individual who is a citizen of Florida.

7.      All conditions precedent to the filing of this Petition for Declaratory Relief have occurred, been performed, or have been waived.

## COMMON ALLEGATIONS

## THE UNDERLYING ACTION

8.      Walch filed a lawsuit for damages against Windward in the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida, Case Number 05-2019-CA-023226, on April 4, 2019 ("underlying action"). A copy of Walch's complaint in the underlying action is attached hereto as **Exhibit "B".**

9.      Walch alleges that Windward was the owner and in possession of Windward East Condominiums, located at 3060 N. Atlantic Avenue, Cocoa, Florida. *See* **B** at ¶ 4.

10.     Walch alleges that on or about September 15, 2017, he was a business invitee and resident at Windward's premises. *Id*. at ¶ 5.

11.     Walch alleged that on September 15, 2017, he was utilizing a ladder provided by Windward to climb up and down a garage roof on Windward's premises "when the ladder, which

was unsafe and insecure [sic], came out from under him causing him to all to the ground below, sustaining injuries…." *Id*. at ¶ 8.

12.     Walch alleged that Windward breached its duty to him by committing one or more of the following omissions or commissions: (a) negligently failing to provide a safe and secure ladder for his use, creating an unreasonably hazardous condition; (b) negligently failing to warn him of the dangerous ladder provided to him when Windward knew or should have known the ladder was unreasonably dangerous and Walch was aware of same; and negligently failing to correct the dangerous condition of which Windward was aware of should have been aware had existed for a sufficient length of time. *Id*. at ¶ 7.

13.     Walch alleged that Windward's negligence resulted in continuing or permanent serious bodily injury and seeks damages for pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of the ability to earn money, and aggravation of previously existing condition. *Id*. at ¶ 9.

14.     Arch is providing a defense to Windward, subject to a reservation of rights and pursuant to the terms, provisions, definitions and exclusions contained in the policy of insurance it issued to Windward. A copy of Arch's reservation of rights letter, dated May 23, 2019, is attached as **Exhibit "C".**

## THE ARCH POLICY

15.     Arch issued an insurance policy to Windward, policy number AGL0035979-01, with effective dates of April 8, 2017 through April 8, 2018 (the "Policy"). The Policy contains a Commercial General Liability Coverage Part. A copy of the Policy is attached hereto as **Exhibit "D".**

26332098.v1

16.    The Commercial General Liability Coverage Form provides coverage as follows:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**
**LIABILITY**

**1.        Insuring Agreement**

**a.**        We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

*        *        *

Coverage Form **CG 00 01 12 07**, Page 1 of 16.

17.    The Policy's Coverage **A** Insuring Agreement defines an "insured" as "any person or organization qualifying as such under Section **II**." *Id*.  Section **II** states in relevant part as follows:

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. You "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockbrokers are also insureds, but only with respect to their liability as stockholders.

**2.**  Each of the following is also an insured:

**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

*Id*. at Page 9 of 16.

*        *        *

18.    The Policy's Coverage **A** Coverage Form contains the following relevant definitions:

**SECTION V – DEFINITIONS**

*        *        *

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*          \*          \*

**20.**     "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

*Id*. at Page 15 of 16.

\*          \*          \*

19.     The Policy's **Coverage A** Coverage Form contains the following exclusion by endorsement, the **Limited Cross Suits Exclusion,** Endorsement Form **00 AGL0111 00 02 13**, which bars coverage:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIMITED CROSS SUITS EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A - Bodily Injury Property Damage Liability….

This insurance does not apply to any claim, "suit", demand or loss that alleges "bodily injury", "property damage", or "personal and advertising injury" that in any way, in whole or in part, arises out of, relates to or results from any claim or demand made, "suit" brought, or loss alleged by one insured against another insured.

\*          \*          \*

## WALCH'S DEPOSITION TESTIMONY

20.     On August 19, 2019, the deposition of Walch was completed in the underlying action. A copy of Walch's deposition transcript is attached hereto as **Exhibit "E".**

21.     Walch testified that he was on Windward's Board of Directors for approximately three years, and resigned from the Board in May 2018. *Id*. at 16:1-2, 5-9.

26332098.v1

22.     Walch testified that his primary duties as Windward's Board Director included supervision of maintenance work completed on the premises, as well as vetting of contractors to complete repairs and renovations on Windward's behalf. *Id*. at 17:2-13, 18:1-2.

23.     Walch testified that prior to the date in question, he supervised the restoration of a building on Windward's premises and, in the process, climbed up and down building scaffolding for six months. *Id*. at 16:12-25.

24.     Walch testified that on the date in question, he climbed the garage roof to inspect installed tarps and was on Windward's Board of Directors at the time he did so. *Id*. at 14:3-12.

25.     Based upon Walch's deposition testimony, Arch issued a second reservation of rights letter to Windward on May 12, 2020. A copy of that letter is attached as **Exhibit "F".**

<u>**COUNT I – DECLARATORY JUDGMENT**</u>
<u>**SPECIFIED/DESIGNATED PREMISES/PROJECT LIMITATION ENDORSEMENT**</u>

26.     Arch seeks a declaration that it has no duty to indemnify Windward because both Walch and Windward are "insureds" as defined under the Policy, and the Policy's "Limited Cross Suits Exclusion" does not provide coverage for a claim, loss, demand or "suit" asserted by one insured against another insured.

27.     There exists a bona fide actual, present and practical need for the declaration of coverage under the Policy and the rights and obligations of Arch.

28.     The rights and obligations of Arch under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

29.     Arch, Windward, and Walch have an actual, present controversy in the subject matter described herein.

**WHEREFORE**, Arch respectfully requests that this Honorable Court:

26332098.v1

      a.       Declare that Arch has no duty to indemnify Windward against the allegations asserted in the underlying action;

      b.       Arch has no obligation to pay Walch any benefits under the Policy, because Arch is discharged from its duty to indemnify Windward; and

      c.       Award Arch its costs in prosecuting this action for declaratory relief, as well as other relief that is equitable, just and proper under the circumstances.

Dated: June 4, 2020

/s Troy Beecher_____
**Troy Beecher, Esquire**
Florida Bar No. 37348
E-mail: tbeecher@goldbergsegalla.com;
mgrant@goldbergsegalla.com
**GOLDBERG SEGALLA LLP**
*Counsel to Arch Specialty Insurance Company*
800 N. Magnolia Avenue, Suite 450
Orlando, Florida 32803
Tel: (407) 458-5612
Fax: (407) 458-5699

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with Case Management / Electronic Case Filing (CM/ECF), which will serve a copy of the foregoing on all counsel or parties of record, on June 4, 2020.

/s Troy Beecher_____ _____
**Troy Beecher Esquire**

26332098.v1